IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-243-GMS |
| | ) | Del. Super Cr. ID. 1409004962 |
| ALTON CANNON, | ) | Del. Super. Cr. No. 14-09-1549 |
| a/k/a El Alton Cannon-Bey, | ) | |
| a/k/a Sharif Mozaar Mustafa El:Bey, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

### I. INTRODUCTION

On March 17, 2014, the defendant Alton Cannon ("Cannon") filed a notice of removal from the Superior Court of the State of Delaware in and for New Castle County ("Superior Court"). (D.I. 1) He appears *pro se* and has been granted leave to proceed *in forma pauperis*.

### II. BACKGROUND

On October 27, 2014, Cannon was indicted in the Superior Court on one count of possession of burglar's tools or instruments facilitating theft and one count of loitering. (D.I. 2 at 54, 55.) Trial was set for March 19, 2015. (*Id.* at 42.) Cannon filed the notice of removal on March 17, 2015. The court takes judicial notice that on March 19, 2015, Cannon appeared in the Superior Court and pled guilty to the charges in the indictment. He is currently incarcerated at the James T. Vaughn Correctional Center, Smyrna, Delaware. *See* https:www.vinelink.com (May 7, 2015). Nothing has been filed in this case since the initial pleadings and Cannon did notify the court of his change of address or the outcome of the criminal matter.

Cannon does not indicate under which statute he seeks removal. The notice of removal alleges that: (1) the Superior Court is an unconstitutional private corporation; (2) the Superior Court improperly identifies him because it does not refer to his Moorish name and/or background; (3) there have been human rights violations because the State of Delaware has abused its authority, impeded the people's right to due process and equal protection; (4) the charges against Cannon are unconstitutional; (5) the Superior Court has "proceeded beyond the strictures of the statutes"; (6) the Attorney General of the State of Delaware failed to file required tax forms; (7) the State of Delaware failed to issue required bonds; (8) the State of Delaware is in default for failing to execute a mortgage/security agreement and pay property taxes and insurance premiums over the "vessel known as El Alton Cannon-Bey"; (9) the State of Delaware intends to deprive Cannon of his constitutional rights at trial; and (10) the arrest warrant is defective. The notice of removal contains other numerous and sundry allegations, many that can be described as fantastical or delusional.

## III. STANDARD OF REVIEW

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

## IV. DISCUSSION

Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

The notice of removal refers to Cannon's race. Hence, although alleged very generally, the allegation may provide a basis for this court's proposed exercise of subject matter jurisdiction. Cannon must also show, however, that he cannot enforce his asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). The notice of removal does not lead to the conclusion that

3

Cannon cannot enforce any asserted rights in state court. *In re Weddington*, No. 08-62, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). All of the issues raised by Cannon are rights that are certainly enforceable in state court. Indeed, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson*, 421 U.S. at 219-20.

For the above reasons, the court will summarily remand the case to the Superior Court.

## V. CONCLUSION

For the above reasons the court will summarily remand the case to the Superior Court of the State of Delaware in and for New Castle County.

An appropriate order will be entered.

July 17, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

4